## Davidson v. Commonwealth.

(Decided February 23, 1926.)

### Appeal from Jackson Circuit Court.

1. Contempt—Evidence Held to Support Conviction of Contempt by Procuring Absence of Prosecuting Witness.—Evidence held to support conviction of prosecuting witness from trial of criminal case against defendant, thereby obstructing administration of justice.

2. Contempt.—Evidence of another offense admissible in contempt trial to show motive or when offenses are inseparable.

3. Contempt—Indictment of Accused and Warrant of Arrest Held Admissible in Trial for Contempt by Procuring Absence of Prosecuting Witness.—In trial for contempt of court by procuring absence of prosecuting witness from trial of accused for drunkenness in public place, indictment for such offense and warrant of arrest thereunder held competent, though tending to prove that accused was "dabbling in whiskey;" offenses being inseparable, and such evidence tending to show motive.

4. Contempt—Indictment and Warrant of Arrest Held Admissible as Best Evidence of Pendency of Criminal Case in which Prosecuting Witness' Absence was Charged to have Been Procured by Defendant.—In trial for contempt of court by procuring absence of a prosecuting witness from trial of criminal case against accused, indictment of accused and warrant of arrest thereunder held admissible as best evidence of pendency of such case.

5. Contempt—Refusal in Contempt Proceedings to Exclude all of Witness' Testimoney as to Accused's Bad Reputation, Based Solely on Report that he Dealt in Whiskey, Held Not Error.—Refusal to exclude all evidence of witness, who testified that defendant's general moral reputation was bad, because of his testimony on cross-examination that all he ever heard defendant accused of was dealing in whiskey, held not error; testimony as to basis and nature of such reputation affecting only probative value of testimony as to basis and nature of such reputation affecting only probative value of testimony as to fact thereof.

6. Contempt—In Contempt Trial, Testimony to Accused's Bad Reputation Held Unresponsive to Questions and Tending to Prove Particular Facts Affecting Reputation.—Testimony, in response to question whether witness was acquainted with defendant's general moral reputation, that all he had ever heard defendant accused of was dealing in whiskey, should have been excluded as not responsive, and tending to prove particular facts affecting reputation.

7. Contempt—In Contempt Trial, Error in Admitting, for Certain Purpose, Unresponsive Testimony Tending to Prove Particular Facts Affecting Accused's Reputation, Held Not Prejudicial.—Error in admonishing jury that testimony, which should have been excluded as tending to prove particular facts affecting accused's reputation, which witness had testified was bad, was incompetent, unless it threw light on accused's general moral character, held not prejudicial, where same facts had been proved by accused's counsel on cross-examination of another witness, who also testified as to accused's bad reputation.

8. Contempt—Error in rejecting evidence in contempt trial is not presented for review, where no avowal was made.

LEWIS, BEGLEY & LEWIS for appellant.


FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Clarke—
Affirming.

Appellant and one Frank Johnson were separately indicted, the former for being drunk in a public place and the latter for unlawfully having in his possession intoxicating liquor. Warrants were issued on the indictments, the defendants were arrested and put under bond and the two cases set for trial on the same day of the March term of the Jackson circuit court. When the cases were called for trial the prosecuting witness in each, Virgil Ball, was not present and could not be found. A rule was issued against Davidson and Johnson requiring them to show cause if any they could why they should not be punished for contempt of court for procuring the absence of Ball and thereby obstructing the administration of justice. They responded denying responsibility for or connection with Ball's absence and, upon a joint trial before a jury, they were convicted and the punishment of appellant fixed at $300.00 and 50 days in jail. To reverse that judgment he has prosecuted this appeal, complaining that the court erred in the admission and rejection of evidence and in instructing the jury and that the verdict is flagrantly against the evidence.

The evidence shows that about eight o'clock on the night before the day set for trial of the cases the appellant and Frank Johnson went to the home of John Hundley, where the witness, Virgil Ball, a boy fifteen years of age, was spending the night; that they called him out of the house and asked him what he had indicted them for; that Johnson and Ball retired a little distance from appellant and were in conversation for some thirty or forty minutes, when Ball returned to the house and Johnson and appellant who had waited for him rode off together. The next morning about five o'clock and before breakfast Ball left the home of Hundley and the county.

To this extent there is no contrariety in the evidence. As to what was said by Davidson and Johnson to the boy and what he said to them, they do not agree. He testified that "they told me—one of them did, Sherman—if I would leave the money wasn't to hunt for. Told me he would go with me Saturday night when he got back;" that appellant wanted him to go to Cincinnati and was to meet him at the home of Frank Johnson on Saturday night; that he left the county and went away because appellant wanted him to and that if he had not seen them

he would have been at McKee for the trial of the cases against them.

All this was denied by appellant and Johnson. The Commonwealth also proved that the general reputation for morality of both appellant and Johnson was bad. That this evidence was amply sufficient to sustain the verdict is so apparent that we shall not further discuss that question, nor do we regard the criticisms of the instructions of sufficient merit to warrant discussion. The only possible ground for a reversal and to which nearly the whole of appellant's brief is devoted is that prejudicial error was committed in the admission and rejection of evidence.

The Commonwealth was permitted over appellant's objection to introduce and read to the jury the indictment against appellant and the warrant showing his arrest thereunder. It is admitted it was necessary to prove the pendency of an action in which Ball was a witness when induced to absent himself but claimed it was unnecessary and highly prejudicial to prove its character because such evidence had a tendency to prove defendant was guilty of "dabbling in whiskey," a separate and distinct offense and one against which the public mind is highly inflamed at present. In support of this contention reliance is had upon the familiar general rule against the admissibility of evidence of other crimes. But there are many exceptions to that rule as well established as the rule itself, among which are that evidence of other offenses is admissible to show motive or when the two are inseparable, and under either this evidence was competent. Besides and of even more importance the indictment and warrant are the best evidence of the pendency of the action in which Ball was prevented from testifying and therefore not merely competent but essential to prove a fact which admittedly had to be established by the Commonwealth before a conviction could be obtained. In a like proceeding (French v. Commonwealth, 97 S. W. 427) it was held proper to permit the Commonwealth to introduce and read to the jury the petition in the action in which a like contempt was committed; and the admission of like evidence here was not error.

Millard Harris testified for the Commonwealth in rebuttal that he was acquainted with appellant's general moral reputation and that it was "pretty bad." On cross-examination he was asked, "Who have you heard say his reputation for truth is bad?" and responded,

"About all I ever heard Sherman accused of was dealing is whiskey. I don't know as I ever heard his reputation for truth questioned." Counsel for appellant then moved to exclude all of his testimony, and the refusal of the court so to do is assigned as prejudicial error. The evident and only possible basis for this contention is that a reputation for illegally dealing in whiskey is wholly separate and apart from and does not affect one's general moral reputation and therefore did not warrant the witness in stating on his direct examination that he was acquainted with defendant's moral reputation and it was bad. A mere statement of the proposition discloses its fallacy. The Commonwealth had proved only that defendant's general moral reputation was bad and this it had the right to do. He was well within his rights in proving the precise basis for and nature of his bad reputation, but this explanation of the cause and limit thereof did not affect the competency of such testimony but only its probative value if at all. The court therefore did not err in refusing to exclude all of the evidence of this witness as only was requested.

Nor do we think the court committed prejudicial error in admonishing the jury that a like statement by another character witness was not competent unless in their opinion it might throw some light on the general moral character of appellant. The statement of this witness was made in response to a question by the attorney for the Commonwealth on direct examination if he was acquainted with appellant's general moral reputation, and should have been excluded as not responsive to the question and because it was incompetent for the Commonwealth to prove particular facts affecting his reputation. But this error could not have been prejudicial because the same facts had already been proven by defendant's counsel on the cross-examination of Harris in an effort to discredit and have excluded as of no probative force his evidence that defendant's general moral reputation was bad.

It also is insisted that the court erred in rejecting competent evidence offered by the defendant, but as no avowal was made that question is not here.

Failing to discover any error in the record that could have prejudicially affected appellant's substantial rights the judgment is affirmed.